IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Case No. 21-1668

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

Plaintiff,

v.

BLUBIRD MARKETING LLC and LAUREN MABRA,

Defendants.

---

**COMPLAINT**

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendants Blubird Marketing LLC ("BluBird") and Lauren Mabra ("Mabra") (collectively, the "Defendants"), and alleges as follows:

**THE PARTIES**

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2. BluBird is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 740 4th St. North, #198, St. Petersburg, Florida 33701. BluBird's agent for service of process is Lauren Mabra, 740 4th St. North, #198, St. Petersburg, Florida 33701.

3. Mabra is an individual who is a citizen of Florida residing at 5627 Kelly Drive North, St. Petersburg, FL 33703.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice. Further, since at least September 2019, BluBird has operated a marketing business in this State, been registered to do business in this State, and, upon information and belief, Mabra owns real property in this State.

6. Venue properly lies in this district because Defendants reside in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTS

### I. Plaintiff's Business and History

7. Plaintiff was created as a Florida corporation in June 2005. Plaintiff's sole shareholder is Robert Stevens.

8. For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

9. Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

10. Mr. Stevens travels throughout the State of Florida, nationally, and internationally

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

to photograph high-end real estate on behalf of Plaintiff's clients. He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

11. Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

12. Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only. Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

13. Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "Photography by Robert Stevens" to the bottom right corner thereof. Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

## II. The Work at Issue in this Lawsuit

14. In 2005, Plaintiff created a photograph titled "Downtown West Palm Beach 8/21/2005" (the "Work").

15. Consistent with Plaintiff's general practices, the Work contains (in the bottom right

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

corner) Plaintiff's copyright management information as follows: "Photography by Robert Stevens." A copy of the Work is exhibited below.

16. The Work was registered by Plaintiff with the Register of Copyrights on March 13, 2013 and was assigned Registration No. VA 1-850-334. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

17. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III. Defendants' Unlawful Activities

18. BluBird is a marketing company located in Pinellas County, FL. Mabra is the "CEO" of BluBird and, upon information and belief, the sole member of BluBird. Mabra has exclusive control over the business activities of BluBird, including but not limited to the infringing activities that are the subject of this lawsuit.

19. On a date after Plaintiff's above-referenced copyright registration of the Work, Mabra caused the Work to be published on BluBird's website (https://blubirdmarketing.com/medspanearme/florida/west-palm-beach-fl/) in connection with Defendants' attempts to solicit consumers to purchase business marketing services from BluBird:



20. In publishing the Work online, Defendants cropped the Work so as to remove Plaintiff's copyright management information. The remaining details of the photograph, however, unequivocally show the two photographs to be the same. A true and correct copy of screenshots of BluBird's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

21. Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their website or for any other purpose – even though the Work that was copied clearly displayed Plaintiff's copyright management information and put Defendants on notice that the Work was

not intended for public use.

22. Defendants utilized the Work for commercial use – namely, in connection with the sale of business marketing services.

23. Upon information and belief, Defendants located a copy of the Work on the internet (with the copyright management information still intact) and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

24. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in June 2021. On June 16, 2021 (following Plaintiff's discovery), Plaintiff notified Defendants in writing of such unauthorized use.

25. All conditions precedent to this action have been performed or have been waived.

**COUNT I – COPYRIGHT INFRINGEMENT**
**(BluBird)**

26. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

27. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

28. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

29. As a result of Plaintiff's reproduction, distribution, and public display of the Work, BluBird had access to the Work prior to its own reproduction, distribution, and public display of the Work on its own website.

30. BluBird reproduced, distributed, and publicly displayed the Work without

authorization from Plaintiff.

31. By its actions, BluBird infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for BluBird's own commercial purposes.

32. BluBird's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. According to its own website, BluBird employs copyright management information, "© 2020 blubird marketing," and clearly understands that high-end real estate photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet.

33. Plaintiff has been damaged as a direct and proximate result of BluBird's infringement.

34. Plaintiff is entitled to recover its actual damages resulting from BluBird's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of BluBird's profits from infringement of the Work, which amounts shall be proven at trial.

35. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

36. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of BluBird's conduct.

37. BluBird's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction

prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against BluBird as follows:

a. A declaration that BluBird has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining BluBird, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with BluBird, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

## COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
**(All Defendants)**

38. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

39. As evidenced above, the Work contains copyright management information identifying Plaintiff as the owner/creator of the Work.

40. Defendants knowingly and with the intent to enable or facilitate copyright infringement, removed the copyright management information from the Work in violation of 17 U.S.C. § 1202(b). Defendants did not simply recklessly copy the Work in a pre-altered state – Defendants themselves deliberately caused the copyright management information to be

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

removed.

41. Defendants committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

42. If Defendants did not remove the copyright management information itself, Defendants caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

43. As a direct and proximate result of Defendants' conduct in removing the foregoing copyright management information, Plaintiff has been damaged.

44. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

h. A declaration that Defendants have violated Plaintiff's copyrights in the Work by removing or causing to be removed Plaintiff's copyright management information displayed thereon;

i. A declaration that such violation is willful;

j. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

k. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

l. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

m. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

n. For such other relief as the Court deems just and proper.

**COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT**
**(Mabra)**

45. Plaintiff re-alleges and incorporates paragraphs 1 through 25 as set forth above.

46. As evidenced above, BluBird infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

47. As the 'CEO' and sole member of BluBird, Mabra has the right and ability to control the infringing acts of BluBird, yet declined or failed to stop BluBird from engaging in its infringing activity – indeed, Mabra is the individual who caused the infringement to occur.

48. Mabra obtained a direct financial benefit from BluBird's infringing activities. As the sole member of BluBird, Mabra receives profit distributions therefrom and, upon information and belief, pays herself a salary therefrom.

49. As a direct and proximate result of Mabra's vicarious copyright infringement, Plaintiff has been damaged. See, e.g. Broad. Music, Inc. v. Evie's Tavern Ellention, Inc., No. 8:11-cv-2056-T-17TBM, 2011 U.S. Dist. LEXIS 137720, at *5-8 (M.D. Fla. Nov. 30, 2011).

**WHEREFORE**, Plaintiff demands judgment against Mabra as follows:

a. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

$150,000.00 for each infringement of the Work;

b. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

c. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d. Permanently enjoining Mabra, her employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Mabra, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

e. For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: July 9, 2021.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700

# EXHIBIT "A"

# Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

Maria A. Pallante

Register of Copyrights, United States of America

**Registration Number**
VA 1-850-334

**Effective date of registration:**
March 13, 2013

## Title

**Title of Work:** Downtown West Palm Beach 8/21/2005

## Completion/Publication

**Year of Completion:** 2005

**Date of 1st Publication:** August 21, 2005 **Nation of 1st Publication:** United States

## Author

- **Author:** Affordable Aerial Photography Inc.

**Author Created:** photograph(s)

**Work made for hire:** Yes

**Citizen of:** United States **Domiciled in:** United States

## Copyright claimant

**Copyright Claimant:** Affordable Aerial Photography Inc.

1123 Melinda Lane, Haverhill, FL, 33417, United States

## Rights and Permissions

**Organization Name:** Schneider Rothman Intellectual Property Law Group PLLC

**Name:** Joel B. Rothman

**Email:** joel.rothman@sriplaw.com **Telephone:** 561-404-4350

**Address:** 5295 Town Center Rd, Suite 202

Boca Raton, FL 33486

## Certification

**Name:** Robert Stevens

**Date:** March 13, 2013

**Applicant's Tracking Number:** 00022

**Registration #:** VA0001850334
**Service Request #:** 1-905013346



Schneider Rothman Intellectual Property Law Group PLLC
Joel B. Rothman
5295 Town Center Rd, Suite 202
Boca Raton, FL 33486

# EXHIBIT "B"

West Palm Beach historic districts like Belair, Flamingo Park, and Mango Promenade were developed during this time.

side by side photo comparisons

**West Palm Beach FL Med Spas are listed at the bottom of this page**




It is one of the three main cities in South Florida. The population was 100,343 (revised) at the 2010 census. The University of Florida Bureau of Economic and Business Research (BEBR) estimates a 2016 population of 108,896, a 7% increase from 2010. It is the oldest municipality in the Miami metropolitan area, having been

## West Palm Beach, FL

If you have been searching **"med spas near me"** on Google in the West Palm Beach, FL area we are here to make your life a little easier. The **Medical Spa** Search Directory is the number one med spa directory website in every aspect. It's the most up to date, contains the most information, and it's the best way for people to locate spas in their area. It's also the most widely used spa directory in West Palm Beach, Florida.

### Med spas in the West Palm Beach, FL area

**West Palm Beach** is a popular tourist destination on the east coast of Florida, 68 miles north of the heart of Miami. It was established during the late 1870s by settlers who called it Lake Worth Country. They established an economy built on the cultivation of tropical fruit and vegetables, which they distributed via Lake Worth and the Indian River. By 1890, the city was home to more than 200 people, as well as a hotel, church, and post office. The Florida land boom saw the city's population quadrupled from 1920 to 1927, and its infrastructure grew to meet the demand. Key West Palm Beach historic districts like Belair, Flamingo Park, and Mango Promenade were developed during this time.

### West Palm Beach FL Med Spas are listed at the bottom of this page

It is one of the three main cities in South Florida. The population was 100,343 (revised) at the 2010 census. The University of Florida Bureau of Economic and Business Research (BEBR) estimates a 2016 population of 108,896, a 7% increase from 2010. It is the oldest municipality in the Miami metropolitan area, having been incorporated as a city two years before Miami in November 1894. Although West Palm Beach is located approximately 68 miles (109 km) north of Downtown Miami, it is still considered a principal city within the Miami metropolitan area, due to the solid urbanization between both cities. The estimated population of the Miami Metropolitan area, which includes all of Palm Beach County, was 6,012,331 people at the 2015 census.

In the next year, Medical Spa Search Directory will be posting regular blogs about the best medical spa practices and why we recommend them. You'll notice these posts will focus on **West Palm Beach Florida medical spas**. This is important to anyone searching to have a treatment done and wants to educate themselves as much as possible. This tool is for seeing the top rated spas so you can learn about them, compare reviews, and get an idea of pricing.

The **Medical Spa Search Directory** is the number one med spa directory website in every aspect. It's the most up to date, contains the most information, and it's the best way for people to locate spas in their area. It's also the most widely used spa directory in West Palm Beach, Florida.

The feedback of people who have used this tool in West Palm Beach is stellar especially compared to the other directories available. Potential medical spa patients have a true need for getting educated and comparing all of the options out there before committing to a provider. For that reason, we dedicated an entire directory (which includes West Palm Beach, Florida) to what people's aesthetic and beauty needs and the businesses who can fulfill those needs.

Med Spa Near Me in Cape Coral, FL

Med Spa Near Me in Clearwater, FL

Med Spa Near Me in Fort Lauderdale, FL

Med Spa Near Me in Gainesville, FL

Med Spa Near Me in Hialeah, FL

Med Spa Near Me in Hollywood, FL

Med Spa Near Me in Jacksonville, FL

Med Spa Near Me in Lakeland, FL

Med Spa Near Me in Miami Gardens, FL

Med Spa Near Me in Miami, FL

Med Spa Near Me in Miramar, FL

Med Spa Near Me in Orlando, FL

Med Spa Near Me in Palm Bay, FL

Med Spa Near Me in Pembroke Pines, FL

Med Spa Near Me in Pompano Beach, FL

Med Spa Near Me in Port St. Lucie, FL

Med Spa Near Me in St. Petersburg, FL

Med Spa Near Me in Tallahassee, FL

Med Spa Near Me in Tampa, FL

### Map of West Palm Beach FL Med Spas

### Local Med Spas in West Palm Beach, FL

JoAnn Francis Medical Esthetics Spa West Palm Beach, FL
Medical spa · 871 Village Blvd #603
+1 561-616-2001

Botox West Palm Beach Med Spa
Medical spa · 224 Datura St #315
+1 561-214-3323

Beverly Hills Wellness Center & Med Spa
Medical spa · 6905 S Dixie Hwy
+1 561-318-5367

Beaute Therapies Medical Spa
Medical spa · 2511 S Dixie Hwy suite b
+1 561-653-3399

MD Beauty Labs
Medical spa · 520 S Quadrille Blvd
+1 561-513-5817

See the full Google maps list here

### Need another City or State?

Alabama
Alaska
Arizona
Arkansas
California
Colorado
Connecticut
Delaware
Florida
Georgia
Hawaii
Idaho
Illinois
Indiana
Iowa
Kansas
Kentucky
Louisiana
Maine
Maryland
Massachusetts
Michigan
Minnesota
Mississippi
Missouri
Montana
Nebraska
Nevada
New Hampshire
New Jersey
New Mexico
New York
North Carolina
North Dakota
Ohio
Oklahoma
Oregon
Pennsylvania
Rhode Island
South Carolina
South Dakota
Tennessee
Texas
Utah
Vermont
Virginia
Washington
Washington DC
West Virginia
Wisconsin
Wyoming

Home

West Palm Beach historic districts like Belair, Flamingo Park, and Mango Promenade were developed during this time.

## West Palm Beach FL Med Spas are listed at the bottom of this page



It is one of the three main cities in South Florida. The population was 100,343 (revised) at the 2010 census. The University of Florida Bureau of Economic and Business Research (BEBR) estimates a 2016 population of 108,896, a 7% increase from 2010. It is the oldest municipality in the Miami metropolitan area, having been